UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80758-HURLEY

**EARNEST CADET,**
    **petitioner,**

vs.

**STATE OF FLORIDA,**
**DEPARTMENT OF CORRECTIONS,**
    **respondent.**
_____/

**ORDER SUSTAINING RESPONDENT'S OBJECTIONS TO REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DISMISSING PETITIONER'S § 2254 PETITION WITH PREJUDICE &
DENYING CERTIFICATE OF APPEALABILITY**

**THIS CAUSE** is before the court pursuant to remand of the Eleventh Circuit Court of Appeals for findings on the appropriateness of equitable tolling and further proceedings consistent with the United States Supreme Court's opinion in *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) [ECF No. 48]. This court earlier recommitted the matter to the magistrate judge for reconsideration of whether any misconduct chargeable to petitioner's attorney rises to the level of egregious attorney misconduct warranting equitable tolling under the standard articulated in *Holland*. [ECF No.38 ]. On March 28, 2012, Magistrate Judge Hopkins conducted an evidentiary hearing on the issues [ECF No. 68], and on June 1, 2012, issued his report and recommendation concluding that the factual circumstances presented warrant equitable relief. The State of Florida filed its objections to the report on July 25, 2012 [ECF No. 69] .

Following independent review of the entire record, and *de novo* review of the parts of the magistrate judge's report to which formal written objection has been lodged, the court accepts the

fact findings of Magistrate Judge Hopkins, but rejects the legal conclusions as the court does not find the evidence adequate to meet the second prong of the "equitable tolling" standard articulated in *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560, 177 L.Ed. 2d 130 (2010).

The limitations period in §2244(d) is "subject to equitable tolling" in appropriate cases - specifically, where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and presented timely filing." *Holland* at 2560, 2562. The court agrees with the Magistrate Judge that the petitioner in this case has demonstrated due diligence sufficient to satisfy the first factor.

However, "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland* at 2564; *Hutchinson v. Florida,* 677 F.3d 1097 (11th Cir. April 19, 2012)(dicta)(counsel's failure to timely file state collateral petition and misunderstanding of time for filing §2254 petition would not be sufficient to show egregious conduct warranting equitable tolling, despite petitioner's multiple inquiries regarding statute of limitations, demands for immediate filing of state collateral petition and threats to discharge the attorney for failure to comply with requests). *But cf. Dillon v. Conway*, 642 F.3d 358 (2nd Cir. April 26, 2011)(finding extraordinary circumstances warranting equitable tolling of habeas limitations period where petition was filed only one day late; petitioner was persistent in maintaining contact with attorney hired to file habeas petition, specifically urged attorney to avoid waiting until the last day to file petition, and attorney breached his promise to file before the last day when he filed on what he mistakenly believed was last day), citing *Holland* at 2564 -65.

Rather, in order to rise to the level necessary to constitute an "extraordinary circumstance" for purpose of tolling §2254's limitation period, attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship. *Holland* at 2564-65. Employing this standard, the court concludes that counsel's error in failing to correctly calculate the deadline for filing the habeas petition does not constitute a constructive abandonment of the attorney-client relationship. To the contrary, it constitutes professional malpractice, i.e. negligence, *during* the attorney-client relationship. It is regrettable, but this is in fact a "garden variety" of negligence that will not excuse the failure to file a timely petition. *Compare Rivas v. Fischer*, ___ F.3d ___, 2012 WL 2686117 (2d Cir. July 9, 2012)(insufficient evidence of extraordinary attorney misconduct where no evidence counsel ignored or contravened instructions from client) with *United States v. Martin*, 408 F.3d 1089, 1096 (8th Cir. 2005)(counsel's conduct sufficiently egregious so as to justify equitable tolling when counsel consistently lied to petitioner and his wife regarding filing deadline, telling them that there was no deadline, neglected to file documents on petitioner's behalf and falsely represented he had filed post conviction motion) and *United States v. Riggs*, 314 F.3d 796 (5th Cir. 2002)(attorney's intentional deceit could warrant equitable tolling if petitioner shows he reasonably relied on attorney's deceptive misrepresentations).

It is accordingly **ORDERED AND ADJUDGED**:

1. The fact findings of the Magistrate Judge are accepted and adopted in full, but the legal conclusions and ultimate recommendations of the Magistrate Judge favoring equitable tolling are **REJECTED** [ECF No. 63].

2. The respondent's objections to the magistrate judge's report [ECF No. 69] are **SUSTAINED** and respondent's motion to dismiss the petition as time-barred is **GRANTED**.

3. The petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 is **DISMISSED WITH PREJUDICE**.

4. Pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court further declines to issue a certificate of appealability. A certificate of appealability appropriately issues where the court finds that jurists of reason would find it debatable whether the petition states a valid claim for the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court does not believe reasonable jurists would find the court's procedural ruling here debatable or wrong. Accordingly, a certificate of appealability shall not issue in light of the second prong of the *Slack* standard.

5. Although the court declines to issue a certificate of appealability, Mr. Cadet may timely seek a certificate of appealability from the United States Court of Appeals for the Eleventh Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

6. The Clerk of Court is directed to enter this case as **CLOSED** and declare all pending motions as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 1st day of August, 2012.

Daniel T. K. Hurley
United States District Judge

cc. All counsel